THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Roque "Rocky" De La Fuente Guerra,

       Plaintiff,

                                CASE NO.:

vs.

State of Florida and
Ken Detzner, Secretary of State of Florida,

       Defendants.
_____/

**PLAINTIFF'S COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**

JURISDICTION & VENUE

1. This is an action for legal and equitable relief pursuant to 42 U.S.C. §1983for violation of Plaintiffs rights under the First and Fourteenth Amendments to the United States Constitution and for violation of the "Elections" Clause of Article I, Section 4, of the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1367.

PARTIES

3. Plaintiff is a candidate for President of the United States desiring to have his name put on the 2016 Presidential ballot in Florida. He meets all the statutory requirements to place his name on the ballot except for the petition requirements of FS 103.021(3).

4. Defendant Ken Detzner is the Secretary of State of Florida and is the supervisor and director of all election matters in Florida.

5. The State of Florida is responsible for the statutory scheme in question.

ELECTION STATUTES IN QUESTION

6. F.S. 103.021 (3) provides, in relevant part:

>   (b) A nomination petition of a candidate seeking an office which is voted upon statewide shall be signed by a number of voters equal to 1 percent of the total number of registered voters eligible to vote in the last election for the filling of the office the candidate is seeking and the signers of such petition shall be registered and eligible to vote in the election at which such candidate seeks to be elected.

7. To be placed on the statewide ballot for President, a political body candidate must obtain signatures from 1 percent of registered voters eligible to vote in last election.

8. Since 1992 no non-party affiliated candidate in Florida has qualified for statewide ballot access by petition since the current law was passed in 1986. That year Ross Perot qualified as a non-party affiliated candidate .

9. Roque De La Fuente enjoys a modicum support nationally and in the State of Florida.

CONSTITUTIONAL PROVISIONS

10. Article I, Section 4, of the United States Constitution, commonly referred to as the "Elections Clause," provides, in relevant part:

> The Times, Places, and Manner of holding Elections for Senators and representatives, shall be prescribed in each State by the Legislature thereof...

11. Article 4, Section 2, of the United States Constitution [provides:

> The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States.

15. The First Amendment provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people to peaceably assemble, and to petition the government for a redress of grievances.

16. The Fourteenth Amendment provides, in relevant part:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

COUNT 1

17. FS 103.021(3) establishes that a non-party affiliated candidate must obtain signatures from 1 percent of registered voters eligible to vote in the last election in order to get on the ballot.

18. These signature requirements are in excess of those that satisfy constitutional standards and unduly infringe upon the constitutional rights of the Plaintiff to participate in the electoral process.

Wherefore, Plaintiffs ask that the Court enter judgment:

A. Declaring that Florida's statutory scheme unconstitutionally infringes upon the Plaintiff's right to ballot access and to participate in the electoral process;

B. Declaring that the Florida statutory requirements imposes an unjustifiable burden on non-party affiliated presidential candidates;

C. Declaring that Florida has no compelling interest in imposing the statutory restrictions upon non-party affiliated presidential candidates; and that such burden on non-party affiliated candidates outweighs any interest the State may have in requiring non-party affiliated candidates to amass signatures of 1 percent of the registered voters;

D. Declaring that Florida's statutory scheme violates the Equal Protection Clause;

E. Enjoining this statutory scheme;

F. Ordering that the Plaintiff be placed on the 2016 Presidential Ballot in Florida;

G. Granting Plaintiff such other and further relief as to which they may be entitled and which the Court may deem equitable and just.

H. Awarding attorney fees and costs.

        Respectfully Submitted,

        s/Michael A. Steinberg_____
        Michael A. Steinberg, Esquire
        Florida Bar No.: 340065
        Michael Steinberg & Associates
        4925 Independence Parkway, Suite 195
        Tampa, FL  33634
        Telephone:     (813) 221-1300
        Facsimile:     (813) 221-1702
        Frosty28@aol.com
        Attorney for Plaintiff