IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROQUE "ROCKY" DE LA FUENTE
GUERRA,

    *Plaintiff*,

v.                                      Case No. 4:16-cv-00196-RH-CAS

STATE OF FLORIDA and
FLORIDA SECRETARY OF STATE,

    *Defendants*.
_____/

# DEFENDANT FLORIDA SECRETARY OF STATE'S
# RULE 26(f) REPORT

Defendant, Florida Secretary of State, pursuant to Rule 26(f), Federal Rules of Civil Procedure, and this Court's Initial Scheduling Order (DE 7), files this Rule 26(f) Report. Counsel for Plaintiff failed to initiate the conference set forth in the Initial Scheduling Order (DE 19) and has been completely unresponsive to undersigned counsel's attempts at contact. In order to ensure timely compliance with this Court's Initial Scheduling Order, the Florida Secretary of State reports the following:

1.     Magistrate Jurisdiction: The parties have not conferred regarding their willingness to consent to magistrate judge jurisdiction. Defendant's counsel has attempted to confer, but Plaintiff's counsel has been completely unresponsive.

2.     Nature & Basis of Claims and Defenses:

Defendant Florida Secretary of State's position:  There is no case or controversy between the Secretary and Plaintiff. The Secretary has not received a certificate of qualifying petitions from **any** supervisor of elections to even determine whether or not the challenged petition requirement has been met. *See* Fla. Stat. § 103.021(3).

Plaintiff also lacks standing to bring this action. He purports to challenge the constitutionality of the requirements in section 103.021(3), Florida Statutes, for "[c]andidates for President and Vice President with **no party affiliation**." *Cf.* DE 1 at 4. Less than a week ago, Plaintiff stated under oath that he was a member of the Democratic Party and recently qualified as a Democratic candidate in the State of Florida for United States Senate. Exhibit A.[1]  Also, Plaintiff filed suit against the Secretary of State for the State of New Mexico seeking placement on New Mexico's ballot as a candidate and member of the "Democratic Party." *Guerra v.*

---

[1] A true and correct copy of Plaintiff's Form DS-DE 27, Federal Candidate Oath – Candidate With Party Affiliation, accepted by the Division of Elections on June 20, 2016, is attached as Exhibit A. This public record, and all other campaign documents and reports submitted to the Division by Plaintiff, is available online at: http://dos.elections.myflorida.com/candidates/CanDetail.asp?account=67415.

*Winter*, No. 1:16-cv-00393-WPL-LF, DE 1, ¶ 3 (D.N.M.).   He also sought access in Florida before **this** Court as a Democratic candidate for President.  *Guerra v. Florida Democratic Party, et. al.*, No. 4:16-cv-00026-RH-CAS (N.D. Fla.). Regardless, the ballot access requirements are not unconstitutional, and – contrary to the assertions in Plaintiff's Complaint – Plaintiff is a Democrat and therefore has no standing to assert claims based on statutory provisions directed towards presidential candidates with no party affiliation.

Plaintiffs' position: unknown.  Defendant's counsel has attempted to confer, but Plaintiff's counsel has been completely unresponsive.

3. Settlement and Mediation: The Secretary does not consider settlement or mediation to be a possibility. Plaintiff has been completely unresponsive and the nature of the claims and remedy sought are not conducive to resolution short of court action.

4. Joinders and Amendments: The Secretary does not anticipate filing joinders or amendments, but in any event, he will file any such pleadings by the deadline set forth in this Court's Initial Scheduling Order.

5. Discovery Plan: The Secretary does not anticipate discovery because Plaintiff has not participated in this action past filing his complaint.  If Plaintiff begins to move his case forward, the Secretary anticipates more time will be

needed for discovery because of Plaintiff's lack of participation or cooperation. It is also an election year and the Secretary's time is limited.

6. Electronic and Computer-based Discovery: None.

7. Proposed Trial Date: The Secretary anticipates being ready for trial by **January 2017**. This date is more than 8 months from the filing date of this case. More time is needed because of the recalcitrance of Plaintiff and his counsel. Additionally, the resources of the Secretary and his staff are focused on the upcoming elections.

8. Any Other Appropriate Matters: During the pendency of this action, Plaintiff has sought ballot access as a Democratic candidate for President before at least two federal courts, including this one. *Guerra v. Winter*, No. 1:16-cv-00393-WPL-LF (D. NM.); *Guerra v. Florida Democratic Party, et. al.*, No. 4:16-cv-00026-RH-CAS (N.D. Fla.). Plaintiff's action before this Court was dismissed as moot and lacking any factual basis. *See Florida Democratic Party*, No. 4:16-cv-00026-RH-CAS (N.D. Fla.) (DE 23) (Order April 19, 2016). Plaintiff and his counsel also failed to meaningfully participate. *See id.* This Court premised leave to amend on a strong warning of Rule 11 sanctions. *Id.* at 4-5. Subsequent to the filing of this action, wherein Plaintiff claims to have no party affiliation, Plaintiff has sued the New Mexico Secretary of State claiming to be a Democrat. Finally, in

just the last week, the Plaintiff filed a statement under oath that he is a Democrat and is running as a candidate to represent Florida in the United States Senate.

9. Schedule of Pre-Trial Matters: Pursuant to paragraph (5) of this Court's Initial Scheduling Order, the Secretary requests approval from the Court for the following pre-trial deadlines, if necessary:

- November 15, 2016 – Deadline for the parties to file motions for summary judgment.
- December 6, 2016 – Deadline for the parties to file responses to motions for summary judgment.
- December 15, 2016 – Hearing on motions for summary judgment.

WHEREFORE the Secretary asks the Court to accept this report, and approve the proposed schedule and procedures detailed herein.

[*Signature block on next page*]

/s/ David A. Fugett
ASHLEY E. DAVIS (FBN 48032)
*Assistant Attorney General*
ashley.davis@myfloridalegal.com
FLORIDA DEPARTMENT OF LEGAL AFFAIRS
The Capitol, PL-01
Tallahassee, Florida 32399
Phone: (850) 414-3887
Fax: (850) 488-4872

ADAM S. TANENBAUM (FBN 117498)
*General Counsel*
adam.tanenbaum@dos.myflorida.com
DAVID A. FUGETT (FBN 835935)
*Assistant General Counsel*
david.fugett@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building, Suite 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Phone: (850) 245-6536
Fax: (850) 245-6127

*Counsel for the Florida Secretary of State*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to N.D. Fla. Loc. R. 5.1(F), each party on whom this document is to be served is represented by an attorney who will be served through this Court's CM/ECF system upon filing on this 22nd day of June, 2016.

/s/ David A. Fugett
ATTORNEY