THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Roque "Rocky" De La Fuente Guerra,

                Plaintiff,

                              CASE NO.: 4:16-cv-196-RH-CAS

vs.

State of Florida and
Ken Detzner, Secretary of State of Florida,

                Defendants.

_____/

**RESPONSE TO ORDER TO SHOW CAUSE**

      COMES NOW, the Plaintiff, by and through his undersigned attorney, and submits this Response to Order to Show Cause why Complaint should not be dismissed and says:

      1.    The Plaintiff was desirous of running for President of the United States on the Democratic ticket. The Plaintiff attempted to obtain ballot access for the for the Democratic Presidential Primary, but the Democratic Party and the Secretary of State refused to place his name on the ballot.

      2.    The Plaintiff successfully attained ballot access in Democratic Primaries and Caucuses in the majority of states and territories in the United States, but was unsuccessful in achieving the Democratic nomination.

      3.    The Plaintiff then decided to run for President of the United States as a no party affiliate candidate and/or a candidate for a minor party.

      4.    The Plaintiff has either obtained ballot access or is in the process of obtaining ballot access in a number of states.

5. In Florida, by statute, a no party affiliate candidate must obtain over 100,000 signatures in order to obtain ballot access. The Plaintiff believed and alleged that this requirement posed unfair ballot access requirements and by this lawsuit sought to challenge the requirements.

6. While this lawsuit was pending, the Plaintiff qualified to run for the United States Senate for the State of Florida as a Democratic candidate.

7. Florida Statute 99.012 provides that no person may qualify as a candidate for more than one public office, whether Federal, State, District, County or Municipal, if the terms or any part thereof, run concurrently with each other.

8. If the above statute is constitutional, it would render the above matter moot, because the Plaintiff would not be able to qualify to run as a no party affiliate candidate for this election cycle, for President.

9. Unfortunately, the undersigned attorney, after research, was unable to find precise caselaw on point as to whether the Florida Statute was constitutional, and delayed in proceeding with this matter.

10. The Plaintiff would request that this court not dismiss this matter, but instead allow the Plaintiff to proceed.

11. The Plaintiff posits that Florida Statute 99.012 is unconstitutional, with respect to Federal offices, as the State cannot impose additional restrictions on qualifying to run for President and/or U.S. House or Senate, not contained in the United States Constitution.

12. There are no qualifications or limitations in either Article I or II of the United States Constitution that would prevent a candidate for the U.S. Senate from also running for President or Vice President, during the same election cycle.

13. With respect to the merits of this case, currently there is a similar lawsuit to the action filed herein by the Green Party of Georgia v. Brian Kemp, Secretary of State of Georgia. In this case, the District Court found that Georgia's law operated to bar ballot access. The court imposed a requirement of 7500 rather than 50,334 signatures Green Party v. Kemp 1:12-

<u>CV-1822</u> (N. D. GA. 2016) The Secretary of State of Georgia appealed the case to the Eleventh Circuit Court of Appeals. This case is currently pending, case number 16-11689 (11th Circuit)

      Wherefore the Plaintiff requests that this court not dismiss the above action and allow the matter to proceed on the merits.

                                Respectively submitted

                                s/Michael Steinberg
                                Michael Steinberg, Esquire
                                Florida Bar No. 340065
                                Attorney for Plaintiff
                                4925 Independence Parkway, Suite 195
                                Tampa, Florida 33634
                                (813) 221-1300
                                (813) 221-1702 fax
                                mas@ssalawyers.com

<u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that pursuant to N.D. Fla. Loc. R. 5.1(F), each party on whom this motion is to be served is represented by an attorney who will be served through this Court's CM/ECF system upon filing of this 19th day of July, 2016.

                                s/Michael Steinberg
                                Michael Steinberg, Esquire
                                Florida Bar No. 340065
                                Attorney for Plaintiff
                                4925 Independence Parkway, Suite 195
                                Tampa, Florida 33634
                                (813) 221-1300
                                (813) 221-1702 fax
                                mas@ssalawyers.com