IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROQUE "ROCKY" DE LA FUENTE
GUERRA,

    *Plaintiff*,

v.                                        Case No. 4:16-cv-00196-RH-CAS

STATE OF FLORIDA and
FLORIDA SECRETARY OF STATE,

    *Defendants*.
_____/

**DEFENDANT FLORIDA SECRETARY OF STATE'S**
**<u>MOTION FOR RULE 11 SANCTIONS</u>**

Defendant, Florida Secretary of State, pursuant to Rule 11, Federal Rules of Civil Procedure, moves for sanctions against Plaintiff and his attorney, Michael Steinberg, and in support, states as follows:

1.    Through his Complaint, (DE 1), Plaintiff seeks ballot placement as a no-party-affiliated candidate for President of the United States. Plaintiff challenges the petition requirement for ballot placement of a no-party-affiliated candidate in section 103.021(3), Florida Statutes, as overly burdensome and therefore an infringement of his "right to ballot access." (DE 1). Subsection 3 of section 103.021 requires a petition "signed by 1 percent of the registered electors of this state … for the last preceding general election." Fla. Stat. § 103.021(3). In

support, Plaintiff alleges that he 1) "is a candidate for President of the United States;" and 2) "[h]e meets all the statutory requirements to place his name on the ballot except for the petition requirements of FS 103.021(3)."

2. The material allegations in the Complaint (DE 1) are false and Plaintiff and Mr. Steinberg knew it when they filed this action.

3. Plaintiff has not even attempted to become a candidate for President of the United States in Florida.  The Secretary has not received a certificate of qualifying petitions from **any** supervisor of elections to even determine whether or not the challenged petition requirement has been met.  *See* Fla. Stat. § 103.021(3).

4. Directly to the contrary, Plaintiff has qualified as a candidate for United States Senate, **not** President.  (DE 10-1) (Plaintiff's qualifying paperwork).

5. Plaintiff is not a no-party-affiliated candidate.  During the pendency of this action, Plaintiff sought placement on New Mexico's ballot as a candidate and member of the "Democratic Party."  *Guerra v. Winter*, No. 1:16-cv-00393-WPL-LF, DE 1, ¶ 3 (D. Nev.).   He also sought access in Florida before **this** Court as a Democratic candidate for President.  *Guerra v. Florida Democratic Party, et. al.*, No. 4:16-cv-00026-RH-CAS (N.D. Fla.) ("*Guerra I*").  Moreover, Plaintiff is currently qualified as a Democratic candidate for United States Senate.  (DE 10-1).  He swore or affirmed that he is "a member of the Democratic Party."  *Id.*

6. Mr. Steinberg knew Plaintiff's prior allegations about being a Democratic candidate because he represented Plaintiff in *Guerra I*. Regardless, Mr. Steinberg should have at least known the party status and candidacies of his client based upon reasonable inquiry into those material facts.

7. This Court denied Plaintiff's motion for preliminary injunction in *Guerra I* because Plaintiff "failed to establish a substantial likelihood—or any likelihood at all—that they would prevail on the merits." *Guerra I*, DE 23 at 3. In its Order Dismissing the Complaint as Moot, this Court also noted that Plaintiff had "not responded to two motions to dismiss or to the Secretary of State's suggestion of mootness," even though the Local Rules required responses. *Id.* Nor did Plaintiff participate in the drafting of the Rule 26 report in *Guerra I*. *Guerra I*, DE 22. Nevertheless, this Court granted Plaintiff leave to amend his complaint in *Guerra I*, but explicitly cautioned Plaintiff "not [to] do so unless they can allege, consistently with Federal Rule of Civil Procedure 11, that there is a substantial likelihood that a candidate with substantial support will be excluded from a future ballot." *Guerra I*, DE 23 at 3-4.

8. Plaintiff and Mr. Steinberg have yet again filed an action without any evidentiary support, knowing the allegations to be false. Moreover, Mr. Steinberg has failed to participate at all in this action, save for filing a frivolous complaint. *See* DE 10 (stating that "Counsel for Plaintiff failed to initiate the conference set

3

forth in the Initial Scheduling Order (DE 19) and has been completely unresponsive to undersigned counsel's attempts at contact").

9. Plaintiff and Mr. Steinberg knew that the material, factual contentions in the Complaint (DE 1) lack evidentiary support. They have both previously made frivolous allegations before this Court and were warned about Rule 11 sanctions if the conduct continued. The conduct has continued. Mr. Steinberg has additionally failed to participate in the action he filed here, failing to fulfill his responsibilities under the Local Rules and Initial Scheduling Order of this Court (DE 7). The Complaint (DE 1) was presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

10. The Secretary has incurred attorney's fees in defense of this action.

11. This motion was served upon Plaintiff on June 29, 2016. Plaintiff has not withdrawn or corrected the violations within 21 days. This motion is being filed after the safe harbor period and is therefore timely.

12. The substance and untimeliness of Plaintiff's Response to Order to Show Cause (DE 12) further evidence the frivolousness of this action.

WHEREFORE the Secretary asks the Court to impose sanctions on Plaintiff and his attorney in the form of reasonable expenses, including attorney's fees incurred in the filing of this motion, and any other relief the Court deems proper to deter further repetition of Plaintiff and Mr. Steinberg's conduct.

Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL

*/s/ Ashley E. Davis*
**ASHLEY E. DAVIS (FBN 48032)**
*Assistant Attorney General*
ashley.davis@myfloridalegal.com
OFFICE OF THE FLORIDA ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399
Phone: (850) 414-3887
Fax: (850) 488-4872
**ADAM S. TANENBAUM (FBN 117498)**
*General Counsel*
adam.tanenbaum@dos.myflorida.com
**DAVID A. FUGETT (FBN 835935)**
*Assistant General Counsel*
david.fugett@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building, Suite 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Phone: (850) 245-6536
Fax: (850) 245-6127

*Counsel for the Florida Secretary of State*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to N.D. Fla. Loc. R. 5.1(F), each party on whom this document is to be served is represented by an attorney who will be served through this Court's CM/ECF system upon filing on this 21st day of July, 2016.

>	*/s/ Ashley E. Davis*
>	ATTORNEY