THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Roque "Rocky" De La Fuente Guerra,

        Plaintiff,        CASE NO.: 4:16-cv-00196-RH-CAS

vs.

State of Florida and
Secretary of State,

        Defendants.
_____/

## RESPONSE TO MOTION FOR RULE 11 SANCTIONS

The Plaintiff seeks ballot placement as a no party affiliate candidate for the President of United States.

The Defendant is correct that the Plaintiff is currently a candidate for the United States Senate for the State of Florida

At the time that the complaint was filed, the Plaintiff desired to become a candidate for President of the United States as a no party affiliate candidate, and in fact is in the process of achieving ballot placement in a number of states.

The lawsuit filed herein, was filed prior to the Plaintiff qualifying for U.S. Senate as a Democratic candidate, or even filing his paperwork as a candidate with the Federal Elections Commission to run as a Democratic candidate for the United State Senate.

At the time of filing, the Plaintiff had not begun the process of obtaining petitions to become a candidate for President of the United States in Florida, because the number of signatures were so great that the cost of obtaining the petitions was prohibitive. This was the entire basis for filing the action herein.

Currently there is a similar lawsuit to the action filed herein by the <u>Green Party of Georgia v. Brian Kemp, Secretary State of Georgia.</u> In this case, the District Court found that Georgia's laws operated to bar ballot access. The court imposed a requirement of 7500 rather than 50,334

signatures Green Party of Georgia v. Kemp, 1:12- CV-1822 ( N. D. Ga. 2016)

The Secretary of State of Georgia appealed the case to the Eleventh Circuit Court of Appeals. This case is currently pending. Case No. 16-11689 (11th Cir)

To be clear, at the time the Plaintiff filed the action herein, he was not a candidate for U.S. Senate. It was his intention to try to obtain ballot placement as a no party affiliated candidate for President, for the State of Florida, provided this court reduced the signature requirements for obtaining ballot placement.

The Plaintiff is aware of Florida statute 99.012, which provides that no person may qualify as a candidate for more than one public office, whether federal, state, district, county or municipal, if the terms or any part thereof run concurrently with each other. The Plaintiff posits that the statute is unconstitutional, with respect to Federal offices, as the state cannot impose additional. restrictions on qualifying to run for President and/or U.S. House or U.S. Senate, not contained in the United States Constitution Davis v. Adams 400 U.S. 1203 (1970)

There are no qualifications or limitations in either Article I or II of the United States Constitution that would prevent a candidate for the U.S. Senate from also running for President or Vice President.

At the time of filing the complaint, none of the allegations were false, and they still are not false. Plaintiff had not begun the process of obtaining petition signatures in Florida because the number needed was unduly burdensome, however, he is currently obtaining petition signatures to obtain ballot access in other states as well as seeking the nomination from minor political parties.

The Plaintiff concurs that he is a candidate for U.S. Senate, but posits that this does not preclude him from running for President at the same time.

The Plaintiff did attempt to seek the nomination for President as a Democratic candidate and is registered as a member of the Democratic Party. However, seeking access

to the ballot as a no party affiliated candidate, does not mean the person is not registered as a member of a political party. It just means he is seeking to be elected other than as his party's nominee.

In a separate pleading, Plaintiff will respond to Defendant's Rule 26(f) report.

It is requested that the motion for rule 11 sanctions be denied.

s/Michael Steinberg
Michael Steinberg, Esquire
Florida Bar No. 340065
Attorney for Plaintiff
4925 Independence Parkway, Suite 195
Tampa, Florida 33634
(813) 221-1300
(813) 221-1702 fax
mas@ssalawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to N.D. Fla. Loc. R. 5.1(F), each party on whom this motion is to be served is represented by an attorney who will be served through this Court's CM/ECF system upon filing of this 26th day of July, 2016.

s/Michael Steinberg
Michael Steinberg, Esquire
Florida Bar No. 340065
Attorney for Plaintiff
4925 Independence Parkway, Suite 195
Tampa, Florida 33634
(813) 221-1300
(813) 221-1702 fax
mas@ssalawyers.com