THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Roque "Rocky" De La Fuente Guerra,

                              Plaintiff,

                                          CASE NO.: 4:16-cv-00196-RH-CAS

    vs.

State of Florida and
Secretary of State,

                              Defendants.
_____/


## RESPONSE TO DEFENDANT"S RULE 26 F REPORT


1. The Plaintiff objects to magistrate Judge jurisdiction.

2. The Plaintiff is currently a candidate for President in a number of states. and has acquired

enough petitions to attain ballot access in those states.

He has not began the process of obtaining petitions in the state of Florida, due to the fact that the

number of petitions he would have to obtain is unduly burdensome.

To require the Plaintiff to begin collecting and submitting signatures, before he has standing to

challenge the petition number requirements, is unreasonable. The Plaintiff has standing to bring

the action.

The Defendant's attorney incorrectly assumes that a person who is registered as a member of a

party may not qualify to run as a candidate for President with no party affiliation.

A registered Democrat or Republican does not have to run as a Democrat or Republican

candidate.

Although this was not an issue when the case was filed, an additional issue in this case is whether

the Florida Statute 99.012 is unconstitutional. The Defendant posits that it is not.

Although a court has not ruled on this issue, challenging the statute as unconstitutional is not

frivolous. A reasonable argument is that a law requiring a candidate for federal office to appear on the ballot only once, would be considered an additional qualification. The Supreme Court has already ruled that states do not have a right to add qualifications to federal offices. *U.S. Term Limits, Inc. v. Thornton (93-1456), 514 U.S. 779 (1995)*

3.Settlement and mediation: The plaintiff concurs that settlement or mediation is not possible as the issue involves the constitutionality of a state statute, which the defendant must defend.

4. Joinders and Amendments: The plaintiff anticipates the possibility of amending the complaint, in the event the case is not resolved before the 2016 election.

5. Discovery Plan: The plaintiff anticipates obtaining opinions from expert witnesses showing that Florida's presidential petition requirement is not narrowly tailored to advance compelling state interest.

6. Electronic and Computer based discovery: None

7. The Defendant proposes a trial date by January 2017. That date is after the presidential election. Since the issue in this case is one of law and the facts should not be in dispute, this matter should be able to be resolved by cross motions for summary judgment.

In the event this matter cannot be resolved until after the November 2016 election, the Plaintiff desires to continue challenging the constitutionality of the state statute. Since he is eligible to run again in 2020, the issue will not be moot, even after the current election.

8: Any Other Appropriate Matters: None

9: Schedule of Pre-trial matters: The plaintiff would suggest the deadline for the parties to file motions for summary judgment be September 1, 2016 and responses to motion for summary judgment, September 15, 2016 and hearings on motions for summary judgment September 24, 2016.

Wherefore, the Plaintiff asks the Court to accept this report.


s/Michael Steinberg_____
Michael Steinberg, Esquire
Florida Bar No. 340065
Attorney for Plaintiff
4925 Independence Parkway, Suite 195
Tampa, Florida 33634
(813) 221-1300
(813) 221-1702 fax
mas@ssalawyers.com


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to N.D. Fla. Loc. R. 5.1(F), each party on whom

this motion is to be served is represented by an attorney who will be served through this

Court's CM/ECF system upon filing of this 26th day of July, 2016.


s/Michael Steinberg_____
Michael Steinberg, Esquire
Florida Bar No. 340065
Attorney for Plaintiff
4925 Independence Parkway, Suite 195
Tampa, Florida 33634
(813) 221-1300
(813) 221-1702 fax
mas@ssalawyers.com