THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Roque "Rocky" De La Fuente Guerra,

        Plaintiff,

                                      CASE NO.: 4:16-cv-00196-RH-CAS

vs.

State of Florida and
Secretary of State,

        Defendants.
_____/

## NOTICE OF VOLUNTARY DISMISSAL

Comes now the Plaintiff, by and through his undersigned attorney, and files this his notice of voluntary dismissal and says:

The Plaintiff filed an action challenging the petition requirement for ballot placement of a no- party-affiliated candidate in section 103.021 (3) Florida Statutes, as overly burdensome, and therefore infringed upon his right to ballot access.

Although the Plaintiff believes he would be successful in challenging the statute on these grounds, he posits that it is not necessary, as the statute is unconstitutional on its face.

Article VI, Section 1 of the Florida Constitution provides in part "however, the requirements for a candidate with no party affiliation, or for candidate of a minor party, for placement of the candidate's name on the ballot, shall be no greater than the requirements for a candidate of the party having the largest number of registered voters."

Therefore, under the Florida Constitution, it is not necessary for the Plaintiff to obtain any petition signatures for ballot placement, as this is not a requirement for political parties.

The Plaintiff has until September 1, 2016 to deliver a certified copy of recommended

candidates for president electors to the Governor.

By dismissing this action, Plaintiff does not agree with the Defendant's position that the allegations in the complaint were false. In fact, the statements in Defendants motion for rule 11 sanctions were misleading and contrary to the Defendant's own statements in its publications. Attached is a publication from the Defendant, wherein the Defendant acknowledges that if a candidate wants to be a no-party-affiliated candidate, that person can still be registered to vote as a Republican or Democrat ( Marked exhibit "A" and made a part hereof)

With respect to the Plaintiff's candidacy for the United States Senate, although the Plaintiff is currently a candidate for the Democratic nomination, if he does not win the nomination, he is not precluded from qualifying to run for president, either as a no-party-affiliated candidate or as a candidate for a party.

In the case of *Smith v. Crawford,* 645 so 2d 513 (1st DCA 1994),the first District Court of Appeals of Florida stated "

> The trial court properly rejected Bob Crawford's argument that the plain language of subsection 99.012(2), Florida Statutes (1993), prohibits any person who has qualified to run for political office from later withdrawing from that race and qualifying to run for any other office during the same election year.
> Mr. Crawford's argument was predicated on the language of subsection 99.012(2), which provides: No person may qualify as a candidate for more than one public office, whether federal, state, district, county, or municipal, if the terms of any part thereof run concurrently with each other. The trial court correctly construed that subsection as follows: A more reasonable interpretation of Section 99.012(2) is that it prohibits a candidate from qualifying for more than one public office at a time. This interpretation is supported by the history of the law as well as the context provided by the Florida Election Code as a whole. In State of Florida ex rel. Fair v. Adams, 139 So.2d 879 (Fla. 1962), the Florida Supreme Court held that a candidate could not qualify for more than one public office at a time. Although the issue was not governed by any statute, the court concluded that "multiple candidacies are not consistent with the public policy of this state." However, the court was prohibiting only simultaneous qualifications and not sequential qualifications. To make this point clear, Chief Justice Roberts said: We think though that in all fairness a candidate, who has qualified to become a political party's nominee for a certain office, should have the right to change his mind and thereafter qualify, during the period fixed by law for qualification of candidates, for

selection by his party as its nominee for a different office. However, as a condition precedent to such action he should be required to withdraw or abandon his original or prior qualification for candidacy in the primary election.

This passage of the opinion in Adams gives some indication of the meaning of the statute at issue in this case. Section 99.012(2) was enacted in its original form shortly after the Adams decision apparently to prevent the situation that gave rise to that case. It has become a closely related part of what is now known as the "Resign-to-Run" law, Section 99.012(3), Florida Statutes. There can be no question about the fact that the "Resign-to-Run" law was intended to prevent a candidate from seeking one public office at the time that candidate holds another. The Division of Elections has interpreted Section 99.012(2) to prohibit simultaneous qualifications for more than one office but not sequential qualifications for more than one office. See Division of Elections opinion DE 78-38, Sept. 1, 1978. (Defendant's Exh. 1).

As the defendants point out, the court is required to give great weight to the agency's interpretation of the law. [Citations omitted]. There is a natural temptation to make an exception to this rule, at least with respect to the current interpretation provided to Chairman Slade, inasmuch as the candidate in question is also the Cabinet Officer of the Agency rendering the opinion. However, the interpretation by the Division of Elections in 1978 is consistent with the advice given by to [sic] the Republican Party and the earlier opinion was rendered by unrelated parties. Although there is at least some doubt about the meaning of Section 99.012(2), that doubt should be resolved in favor of holding a free and competitive election. The right to vote is among the most important rights we all share as Floridians and as Americans. Judges must be very careful in determining whether a candidate nominated by a political party is legally qualified to run for office because the effect of a mistake could disenfranchise a large segment of the population. Thus, the law requires judges to resolve doubts about qualification of a political candidate in favor of the candidate. Irvin v. Collins, 85 So.2d 852 (Fla. 1956). We agree with this analysis and conclude, as did the trial court, that Jim Smith was not prohibited by the election laws from qualifying as a candidate for Commissioner of Agriculture after withdrawing from the gubernatorial race.

Therefore, Plaintiff's complaint was not frivolous, because he had standing, as he was and is a current candidate for President, he has the right to run as a no- party-affiliated candidate, even though he is a registered Democrat and running for U.S. Senate in Florida as a Democrat, and he has the right to qualify to run for President on September 1, 2016, if he is unsuccessful in his candidacy for the Democratic nomination for U.S. Senate, in the election scheduled for August 30, 2016.

Nonetheless, he believes it is in his best interest to dismiss this complaint.

s/Michael Steinberg
Michael Steinberg, Esquire
Florida Bar No. 340065
Attorney for Plaintiff
4925 Independence Parkway, Suite 195
Tampa, Florida 33634
(813) 221-1300
(813) 221-1702 fax
mas@ssalawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to N.D. Fla. Loc. R. 5.1(F), each party on whom this motion is to be served is represented by an attorney who will be served through this Court's CM/ECF system upon filing of this 28th day of July, 2016.

s/Michael Steinberg
Michael Steinberg, Esquire
Florida Bar No. 340065
Attorney for Plaintiff
4925 Independence Parkway, Suite 195
Tampa, Florida 33634
(813) 221-1300
(813) 221-1702 fax
mas@ssalawyers.com
